UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH LITTLE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>T. R. SNIEZEK, )<br>)<br>Respondent. )<br>) | Civil Action No. 09-0789 (RMC) |

**MEMORANDUM OPINION**

In this *pro se* action for a writ of *habeas corpus,* petitioner Kenneth Little challenges his sentence imposed on November 29, 2005, by the Superior Court of the District of Columbia, following his plea of guilty to attempted second degree burglary, first degree theft, uttering and unauthorized use of a vehicle.[1] Petition [Dkt. # 1] at 2. Mr. Little claims, among other wrongs, that he was improperly charged, forced to plead guilty to a burglary charge he did not commit, denied the effective assistance of counsel during the criminal proceedings and subjected to prosecutorial misconduct. *See* Memorandum in Support of Petition for a Writ of Habeas Corpus Made Pursuant to 28 U.S.C. § 2241 [Dkt. # 2] at 3-6.

It is established that challenges to a Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110. *Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997). Absent a showing of an inadequate or ineffective local remedy, "a District of Columbia prisoner has no recourse to a federal judicial forum." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993

---

[1] This case was transferred from the Middle District of Pennsylvania. *See* Dkt. # 5 (Memorandum of April 29, 2009).

(1986) (internal footnote omitted).  Under District of Columbia law,

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code §23-110(g).  Because the petition reveals no basis for finding Mr. Little's local remedy inadequate or ineffective, this Court lacks authority to entertain the habeas petition.  A separate Order of dismissal accompanies this Memorandum Opinion.


Date: May 12, 2009                             /s/
                                     ROSEMARY M. COLLYER
                                     United States District Judge

2